Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **APHRODITE VASSILAT,** ) | **Case No.:** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| **GE CAPITAL RETAIL BANK,** ) | |
| ) | |
| Defendant. ) | **(Unlawful Debt Collections Practices)** |
| ) | |

## COMPLAINT

APHRODITE VASSILAT ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against GE CAPITAL RETAIL BANK ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the state of New Jersey and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Edgewater, New Jersey 07020.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 950 Forrer Boulevard, Kettering, Ohio 45420.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. For purposes of background information, Plaintiff is on the national "do not call" list.

14. Beginning in or around early April 2015, and continuing through July 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

15. During the relevant period, Defendant relentlessly called Plaintiff on her cellular telephone, calling on average four (4) to ten (10) times each day, as well as, calling on weekends, and on occasion before 8:00 a.m.

16. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

17. Defendant's automated messages identified its company name as the caller and state; "Please call us back. We've approved your loan."

18. Defendant's telephone calls were not made for "emergency purposes."

19. Furthermore, Plaintiff disputes having ever furnished Defendant with her contact information as she has never engaged in any business with Defendant.

20. In early April 2015, when the calls began, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

21. Nonetheless, Defendant continued to call Plaintiff, and when instructed to stop, Defendant's representatives would talk over Plaintiff.

22. Defendant persisted in calling Plaintiff on her cellular telephone for several months.

**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

25. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. Defendant's calls to Plaintiff, especially after early April 2015, were not made with Plaintiff's prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, APHRODITE VASSILAT, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, APHRODITE VASSILAT, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: July 22, 2015

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Phone: (856) 429-8334
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com